UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER BAILEY                                CIVIL ACTION

VERSUS                                       NUMBER: 09-3757

STEVE RADER, WARDEN                          SECTION: "B"(5)

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Walter Bailey, the State's response thereto, and petitioner's traverse to the State's response. (Rec. docs. 3, 10, 12). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Bailey's application be dismissed with prejudice.

Petitioner Bailey is a state prisoner who is presently incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On February 12, 2003, Bailey was found guilty of possession of cocaine after trial, by jury, in the Twenty-Fourth

Judicial District Court for the Parish of Jefferson, State of Louisiana.[1]/ (St. Ct. rec., vol. 1 of 4, pp. 13-14, 153-220). Following a hearing that was conducted on April 1, 2003, Bailey was adjudicated a fourth felony offender under LSA-R.S. 15:529.1 and was sentenced to the statutory minimum of twenty years without benefit of parole, probation, or suspension of sentence. (St. ct. rec., vol. 1 of 4, pp. 80, 115-152). On direct appeal to the Louisiana Fifth Circuit Court of Appeal, that court affirmed Bailey's conviction; amended his sentence to delete the prohibition against parole eligibility and affirmed the sentence as amended; and, remanded the case to the trial court with instructions to correct the commitment order to accurately reflect that the only sentence Bailey had received was the enhanced twenty-year sentence that was imposed on April 1, 2003.[2]/ State v. Bailey, 875 So.2d 949 (La. App. 5th Cir. 2004). Writs were denied by the Louisiana Supreme Court on November 15, 2004. State v. Bailey, 887 So.2d. 476 (La. 2004). Bailey then

---

[1]/ The minutes from the trial indicate that the jury deliberated for all of twenty-seven minutes before returning with their guilty verdict. (St. ct. rec., vol. 1 of 4, pp. 13-14). However, a review of the trial transcript reveals that the jury deliberated for a mere fifteen minutes before returning their unanimous verdict. (Id. at p. 217).

[2]/ The trial court amended the commitment order nunc pro tunc on June 1, 2004. (St. ct. rec., vol. 2 of 4).

sought a writ of certiorari from the U.S. Supreme Court which was likewise denied on October 31, 2005. Bailey v. Louisiana, 546 U.S. 981, 126 St. Ct. 554 (2005). Bailey's conviction thus became final on the latter date. Roberts v. Cockrell, 390 F.3d 690, 694 (5th Cir. 2003).

Subsequent to the date that his conviction became final Bailey litigated various matters in the state court system in an attempt to obtain pleadings, documents, and transcripts that were generated in his criminal case or to compel the trial court to amend its commitment order, a task that had already been accomplished. (St. ct. rec., vols. 2 and 4 of 4); State ex rel. Bailey v. State, 976 So.2d 159 (La. 2008). It was not until October 17, 2007, almost two years after his convictions had become final, that Bailey signed and dated a self-styled post-conviction relief application ("PCRA") for submission to the trial court. (St. ct. rec., vol. 2 of 4). A discussion of the remainder of Bailey's other state court filings is unnecessary to resolve the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Bailey have one year from the date that their convictions become final to timely seek federal habeas corpus

relief.  Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Bailey's conviction became final on October 31, 2005 when the U.S. Supreme Court denied his petition for writ of certiorari.  At that point, the one-year limitation period set forth in §2244(d) began to run and had long since expired when Bailey signed his self-styled PCRA on October 17, 2007.[3]  Although Bailey had, in the interim, litigated his entitlement to a free copy of documents that were generated in his criminal case and had initiated mandamus proceedings to compel the trial court to perform ministerial acts, such proceedings do not qualify as "application[s] for State post-conviction or other collateral review..."  so as to

---

[3] Although the limitation period was arguably suspended from November 1, 2005 to November 25, 2005 as a result of Hurricane Katrina, it undoubtedly commenced running again on November 26, 2005 and had expired by the time Bailey signed his PCRA on October 17, 2007.  See Mark v. Michael, 2008 WL 4365929 at *2 (E.D. La. Sept. 23, 2008); MacCracken v. Louisiana, 2008 WL 2951214 at *7 n.47 (E.D. La. July 25, 2008).

4

toll the limitation period under §2244(d)(2). Moore v. Cane, 298 F.3d 361, 366-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S. Ct. 1360 (2003)(mandamus proceeding); Boyd v. Ward, 2001 WL 533221 at *4 (E.D. La. May 15, 2001)(proceedings seeking documents); Brisbon v. Cain, 2000 WL 45872 at *2 (E.D. La. Jan. 8, 2000)(same). As Bailey had no qualifying proceedings under §2244(d)(2) pending before the state courts in the one-year period following the date that his conviction became final, his petition is untimely and should be dismissed as such.

As alternatively argued by the State, even if Bailey's petition was not time-barred the Court would be unable to grant him the relief he seeks. In his federal habeas petition, Bailey frames his sole claim for relief as follows:

> [w]hether the interest of justice required the lower court to give petitioner an opportunity to supplement his timely filed application for post-conviction relief with the mandatory uniform application where failure to allow the opportunity to supplement the application jeopardized the timeliness of resubmitting a second post-conviction application with the required uniform application?

(Rec. doc. 3, p. 16)

In a federal habeas proceeding such as this one, the proper inquiry is not whether the state trial court erred or whether state law has been transgressed but whether there has been a violation of the petitioner's constitutional rights. 28 U.S.C. §2254(a); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558 (1983);

5

Bailey v. Procunier, 744 F.2d 1166, 1168 (5th Cir. 1984). Federal law is equally clear than state are not constitutionally required to provide post-conviction remedies to persons convicted in their courts so long as they have provided some avenue for direct review of the conviction. Murray v. Giarratano, 492 U.S. 1, 8, 109 S. Ct. 2765, 2769 (1989); Pennsylvania v. Finley, 481 U.S. 551, 557, 107 S. Ct. 1990, 1994 (1987). It follows, then, that infirmities in state habeas proceedings do not constitute grounds upon which federal habeas relief can be granted. Rudd v. Johnson, 256 F.3d 317, 319-20 (5th Cir.), cert. denied, 534 U.S. 1001, 112 S. Ct. 477 (2001)(and cases cited therein). No constitutional violated is apparent here.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Walter Bailey be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u> 18th </u> day of <u>    December    </u>, 20<u>09</u>.

/s/ Alma L. Chasez
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE
