UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER BAILEY                                         CIVIL ACTION

VERSUS                                                NO. 09-3757

STEVE RADER, WARDEN                                   SECTION "B"

**ORDER AND REASONS**

For the following reasons, **IT IS ORDERED** that the petition of Walter Bailey, is **DISMISSED WITH PREJUDICE**, for failure to file a timely §2254 application for federal habeas corpus relief.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all habeas petitions filed after the statute went into effect on April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). In pertinent part, AEDPA provides that habeas corpus applications authorized by 28 U.S.C. §2254, must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A) (2009). Under this provision, the date triggering the AEDPA statute of limitations is the expiration date of the time period for petition of certiorari to the U.S. Supreme Court, the date the Court affirms the conviction, or the date certiorari is denied. *Clay v. United States*, 537 U.S. 522, 527 (2003).

---

[1] We are grateful for the work on this case by John Arthur-Mensah, a Loyola University College of Law extern with our chambers.

1

In an objection to the Magistrate Judge's report and recommendation, Bailey mistakenly asserts that since "petitioners original Application for Post-Conviction Relief was never adjudicated on the merits ... application of such text and subsequent rules governing §2254" essentially do not apply to the petitioner's §2254 habeas petition for post conviction relief. 28 U.S.C. §2254(d) states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court..." Bailey's §2254 petition was not adjudicated on the merits because it was not timely filed pursuant to the express language of the AEDPA. Habeas corpus applications must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2]

Bailey had ninety days after the Louisiana Supreme Court denied review of his conviction to petition the Supreme Court for a writ of certiorari.[3] Bailey's writ was denied by the Louisiana Supreme Court on November 15, 2004.[4] Subsequently, he filed a timely petition for writ of certiorari from the U.S. Supreme Court. That petition was denied on October 31, 2005.[5] The conviction at

---

[2] 28 U.S.C. §2244(d)(1)(A) (2009).
[3] State v. Bailey, 887 So.2d. 476 (La. 2004).
[4] State v. Bailey, 887 So.2d. 476 (La. 2004).
[5] *Bailey v. Louisiana*, 546 U.S. 981, 121 S.Ct. 554 (2005).

2

issue became final on the latter date.[6]  From October 31, 2005 Bailey had one year to file a timely petition for habeas corpus relief in federal court, or until October 31, 2006.  28 U.S.C. §2244(d)(1)(A) (2009). Instead, Petitioner waited until October 17, 2007 to file the instant petition almost a year after the AEDPA statute of limitations had expired.[7]

Petitioner's application must be denied as untimely filed unless one of the following two conditions applies.  First, the AEDPA statute of limitations does not continue to toll during the time in which an application for state post-conviction relief or other collateral review is pending.  28 U.S.C. §2244(d)(2).  An extended period of time to file for federal habeas relief may arise under 28 U.S.C. §2244(d)(2), if the limitation period was interrupted by a pending application for collateral review.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).  Second, the limitations period may be equitably tolled in "rare and exceptional" circumstances.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling is narrowly applied when strict application of the statute of limitations would be inequitable and if a third party prevented the petitioner from exercising his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  Neither exception applies here.

### A.   Interruption of the AEDPA Statute of Limitations

---

[6] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[7] Rec. Doc. 13 P. 3.

Bailey did not have a pending application for state post-conviction relief nor was he seeking collateral review of his conviction during the year after his conviction became final. 28 U.S.C. §2244(d)(2). During and after collateral review, Bailey litigated to obtain pleadings, documents, and transcripts that were generated in his criminal case. He also sought to compel the State trial court to amend its commitment order, which had already been completed.[8] "Filings that are not part of habeas or post-conviction proceedings do not invoke Section 2244(d)(2) tolling." *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008)(citing *Bridges v. Johnson*, 284 F.3d 1201, 1203 (11th Cir. 2002). Further, only state post-conviction proceedings cause tolling under the AEDPA. 28 U.S.C. § 2244(d)(2); *See Butler*, 533 F.3d at 318. None of that litigation, as such, equates to a pending application for state post-conviction relief. A request for documents does not, without more, become a petition for collateral review because it is not an attack on the conviction or sentence.[9]

### B. Equitable Tolling of the AEDPA Statute of Limitations

The doctrine of equitable tolling is relevant when application of the statute of limitations is unconscionable and results in gross injustice. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008)(quoting *Minter v. Beck*, 230 F.3d 663, 666-67 (4th Cir.

---

[8] St. Ct. Rec., vols. 2 and 4 of 4); *State ex rel. Bailey v. State*, 976 So.2d 159 (La. 2008).

[9] 28 U.S.C. §2244(d)(2).

2000)).  In the Fifth Circuit, only rare and exceptional circumstances justify application of the doctrine of equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998).

Equitable tolling is a remedy with primary application to situations in which the "plaintiff is actively misled by the defendant...or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  In this case, Bailey alleges in vague and conclusory terms that the "state court never afforded Petitioner an opportunity to complete the required application."[10]  Bailey does not explain how the state court in an "extraordinary way" prevented his timely application for §2254 habeas relief. Nor does he explain how the state court "actively misled" him concerning his application for §2254 habeas relief.[11] The state court record does not show facial evidence of such allegations.

Bailey further alleges that the state court did not "attempt to furnish pro-se, indigent, incarcerated Petitioner with such an application."[12] However, it is not the state court's responsibility to furnish Petitioner with an application for §2254 habeas relief. Second, proceeding without counsel is not a valid reason for ignorance of the procedural requirements of

---

[10] Rec. Doc. 14 P. 2.
[11] Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).
[12] Rec. Doc. 14 P. 2.

AEDPA and does not constitute an exceptional circumstance for the purposes of equitable tolling. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Finally, Congress knew that the AEDPA would affect incarcerated individuals with little to no knowledge of the AEDPA's procedural requirements and yet they did not provide any tolling delay in the statute based upon a prisoner's ignorance of the AEDPA's requirements.[13]

Accordingly, **IT IS ORDERED** that Walter Bailey's objections to the Magistrate Judge's report and recommendations are **OVERRULED** and the Magistrate Judge's report and recommendations are **ADOPTED** as the opinion of the court. (See Rec. Doc. 14 and 13).

New Orleans, Louisiana, this 23rd day of August, 2010.

UNITED STATES DISTRICT JUDGE

---

[13] See *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).